RANDOLPH. The (PATTON v.). See Case No. 10,837.

RANDOLPH (RICHARDS v.). See Case No. 11,772.

## Case No. 11,561.

RANDOLPH v. ROBINSON et al.

[2 N. J. Law J. 171.]

Circuit Court, D. New Jersey. 1879.

EQUITY PLEADING—CROSS BILL—NEW MATTERS—FEDERAL JURISDICTION — MATTERS RELATING TO PATENTS.

[1. A cross bill which introduces new parties, new and distinct matters, and differs in purpose from the original bill, should be dismissed, since a cross bill is a mere auxiliary to the original bill.]

[2. A controversy which turns upon contracts in reference to letters patent, rather than upon the letters patent themselves, is not within the jurisdiction of the federal courts, except where the citizenship of parties may give jurisdiction.]

[This was a bill in equity by Reune R. Randolph against Mary A. Robinson and others.]

A cross bill was dismissed because: 1st, It was filed before the answer to the original bill; 2d, it brought in new parties; 3d, it introduced new and distinct matters; 4th, its purpose was different from that of the original bill. It was not allowed to stand as an original bill, because the controversy turned, not upon patents, but rather upon contracts in reference to them; and these do not give the court jurisdiction.

Jos. F. Randolph, for the motion.
Mr. Ransom, contra.

NIXON, District Judge. This is a motion to dismiss a cross bill. The original bill was filed November 8, 1878, against the defendant for an injunction and an account for infringing re-issued letters patent dated April 23, 1874. There are a number of reasons why the motion should prevail. In the first place, the cross bill was filed before the answer to the original bill was put in, which is irregular, but not such irregularity, perhaps, as, standing alone, would justify the court in dismissing it. But, 2d, it brings in new parties, which is not admissible. Shields v. Barrow, 17 How. [58 U. S.] 130. 3rd, it introduces new and distinct matters not embraced in the original bill. Ayres v. Carver, 17 How. [58 U. S.] 595. 4th, its purpose is different from that of the original bill. The latter concerns the infringement of a patent, and the former is in the nature of a creditor's bill seeking to set aside a fraudulent transfer of property, and aiding in the collection of a judgment. Cross v. De Valle, 1 Wall. [68 U. S.] 1. But the counsel of the complainant insisted on the argument, that if the bill could not be sustained as a cross bill, it was, nevertheless, good as an original bill, the subject matter being a patent of which the circuit courts of the United States have exclusive jurisdiction. Rev. St. § 696, cl. 9. A slight examination of the statements and prayers of the cross bill shows that the controversy does not turn upon the letters patent themselves, but rather upon some contracts in reference to them; and of such matters the

courts have no cognizance, except as the citizenship of the parties may give jurisdiction. Goodyear v. Day [Case No. 5,568]; Curt. Pat. § 496. An order must be entered dismissing the cross bill, with costs.

[For hearing on an application for an order dismissing (for want of a replication) a bill filed by Mary A. Robinson and others, see Case No. 11,963.]